

**IN THE DISTRICT COURT IN AND FOR TULSA COUNTY**
**FOURTEENTH JUDICIAL DISTRICT**
**STATE OF OKLAHOMA**

**DISTRICT COURT**
**F I L E D**

**DEC 2 4 2025**

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

|  |  |  |
|---|---|---|
| BROCK STOCKTON and ASHLEY STOCKTON, as Parents and Next Friends of N.S., a Minor Child, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No: |
| v. | ) ) ) | **CJ-2025-05965** |
| COLLINSVILLE PUBLIC SCHOOLS a/k/a INDEPENDENT SCHOOL DISTRICT NO. 6 OF TULSA COUNTY, OKLAHOMA, and JENNIFER RIGDON, an individual, | ) ) ) ) ) | *Jury Trial Demanded* *Attorney Lien Claimed* |
| Defendants. | ) ) | |

**JUDGE GRAY**

<u>PETITION</u>

**COME NOW** Brock Stockton and Ashley Stockton, as Parents and Next Friends of N.S., a Minor Child, Plaintiffs in the above-entitled action, by and through their attorneys, David R. Keesling and Timothy S. Kittle, of the law firm, SOLOMON | ARIEH, and for their causes of action allege as follows:

PARTIES / JURISDICTION / VENUE

1.      Plaintiff BROCK STOCKTON, at all times relevant to the claims alleged herein, was and is a citizen of the State of Oklahoma residing in Tulsa County, Oklahoma, and was and is the natural father of MINOR CHILD N.S.

2.      Plaintiff ASHLEY STOCKTON, at all times relevant to the claims alleged herein, was and is a citizen of the State of Oklahoma residing in Tulsa County, Oklahoma, and was and is the natural mother of MINOR CHILD N.S.

**EXHIBIT**

**2**

3. MINOR CHILD N.S., at all times relevant to the claims alleged herein, was and is a child under the age of eighteen, having been born in 2017, and is the natural child of Plaintiffs Brock Stockton and Ashley Stockton, with whom N.S. did and does reside.

4. Defendant COLLINSVILLE PUBLIC SCHOOLS ("CPS"), at all times relevant to the claims alleged herein, was and is an independent school district under the laws of the State of Oklahoma which has a physical and mailing address of 1902 West Maple Street, City of Collinsville, Tulsa County, Oklahoma, and under the laws of the State of Oklahoma is a "corporation for public purposes" which may sue and be sued. *See* OKLA. STAT. TIT. 70 § 5-105.

5. At all times relevant to the claims alleged herein, Defendant COLLINSVILLE PUBLIC SCHOOLS operated and administrated the Janice K. Pollard Early Childhood Center ("ECC"), located at 12936 North 129th East Avenue, City of Collinsville, Tulsa County, Oklahoma.

6. Defendant COLLINSVILLE PUBLIC SCHOOLS ("CPS"), at all times relevant to the claims alleged herein, was and is a recipient of federal financial assistance in the form of grants.

7. Defendant JENNIFER RIGDON, at all times relevant to the claims alleged herein, upon information and belief, was a citizen of the State of Oklahoma, was a certified teacher employed by CPS, and was assigned to teach at the ECC.

8. Jurisdiction is proper in a State of Oklahoma District Court as the amount in controversy exceeds Ten Thousand Dollars ($10,000.00), Plaintiffs are citizens of Oklahoma, and Defendant is a political subdivision of the State of Oklahoma.

9. Venue is proper in the Tulsa County District Court pursuant to OKLA. STAT. TIT. 51 § 163(B) (of the Oklahoma Governmental Tort Claims Act, OKLA. STAT. TIT. 51 §§ 151 *et seq.*) ("OGTCA"), which states that "actions against all political subdivisions within the scope of this

act shall be brought in the county in which the situs of the political subdivision is located or in the county in which the cause of action arose."

## STATEMENT OF THE FACTS

10.    Plaintiffs Brock Stockton and Ashley Stockton incorporate paragraphs 1 through 9 *supra* as though stated verbatim below.

11.    Minor Child N.S., at all times relevant to the claims alleged herein, was and is a child who has been diagnosed with and exhibits the symptoms and characteristics of level 3 Autism, meaning that she has, among other issues, significant impediments to verbalizing her emotions and circumstantial facts. [1]

12.    Moreover, N.S. is also afflicted with Dravet Syndrome. [2]

13.    Due to these limiting factors, Brock and Ashley have learned to discern what N.S. is attempting to communicate or is experiencing through N.S.'s behavior.

14.    N.S. was enrolled at the ECC at the beginning of the 2023-24 school year.

15.    N.S. was originally placed in a classroom taught and overseen by Amy Duncan.

16.    However, in September 2023, N.S. was moved to a classroom taught and supervised by Defendant Jennifer Rigdon, who was brand new to CPS.

---

[1]    *See* Martinelli, Katherine, "Understanding the Levels of Autism," https://childmind.org/article/understanding-the-levels-of-autism/ (last visited Aug. 19, 2025).

[2] "Dravet syndrome is an intractable developmental and epileptic encephalopathy that begins in infancy and proceeds with accumulating symptom burden that significantly impacts individuals throughout their lifetime. Dravet syndrome is a rare disease, with an estimated incidence of 1:15,700. The majority of patients carry a mutation in the sodium channel gene *SCN1A*."
*See* https://dravetfoundation.org/what-is-dravet-syndrome/?gad_source=1&gad_campaignid=596788775&gclid=CjwKCAjw_fnFBhB0EiwAH_MfZtVL TOenMQjBJLnidR4vaxdocYmLQRP7zt6C75szz3EkISeeIH4DxhoCVhYQAvD_BwE (last visited Dec. 22, 2025).

17.    Within a short period of time after being transferred to Rigdon's class, Brock and Ashley began to notice significant, negative, and disturbing changes in N.S.'s behavior.

18.    N.S.'s demeanor became noticeably less cheery and N.S. became more combative at home.

19.    N.S. became noticeably less affectionate.

20.    Most troubling, N.S. began hitting others, including Brock and Ashley.

21.    Additionally, N.S. would occasionally come home from school with marks and bruises on her body that were not entirely explained by Rigdon, such as:

a.    Ashley texted Rigdon a photograph of a bruise on N.S.'s forehead; Rigdon responded by stating that she did not see N.S. hit her head.

b.    Ashley texted Rigdon a photograph of bite marks on N.S.'s forearm; Rigdon stated that she would check with a paraprofessional but never followed up with Ashley.

c.    Rigdon texted Ashley: "[N.S.] might have had a seizure. [N.S.] grabbed her head and her eyes got watery. She seemed responsive the whole time but she refuses to follow any directions." This incident became more relevant with information Brock and Ashley later obtained – *see infra.*

22.    On May 14, 2024, Ashley received a call from Lauren Avila and was informed that she (Avila) had found a note in her child's backpack averring that Rigdon was abusing children under her charge. [3]

23.    The note read as follows:

Dear Parents of [Child] [Name redacted for this filing]:

---

[3] This note is specifically alleged in ¶¶ 20-22 of the Petition in the related matter, *Avila v. CPS, et al.*, CJ-2025-04798 (Tulsa County). *See also Linker v. CPS, et al.*, CJ-2025-05092 (Tulsa County) (Petition, ¶¶ 43-44); *Moroney v. CPS, et al.*, CJ-2025-03935 (Tulsa County) (Petition, ¶¶ 50-51); *Hamilton v. CPS, et al.*, CJ-2025-05093 (Tulsa County) (Petition, ¶¶ 44-45).

Mrs. Rigdon has been abusing [Child] and the other students in her classroom all year long and everyone needs to know the truth! Multiple teachers and paraprofessionals have witnessed, reported and documented on these incidents to administration and actions have been took on Mrs. Rigdon and she will Not be returning back to the Collinsville school system on any account!

VOICE FOR THE CHILDREN

24.    **This note is central to the claims alleged in the matter, *Sara D. Brackett v. Collinsville Public Schools, et al.*, CJ-2025-02004 (Tulsa County),** [4] in which the Plaintiff, Sara Brackett, has alleged, among other things, that she was unlawfully terminated from her paraprofessional position in retaliation for repeatedly and contemporaneously memorializing and reporting to ECC /CPS administrative personnel incidents of abuse perpetrated by Defendant Rigdon against several autistic, non-verbal students

25.    On May 21, 2024, Jennifer Rigdon, via text message, informed Ashley that she (Rigdon) was no longer employed by CPS.

26.    In the autumn of 2024, a video depicting abuse of a child on the part of another ECC teacher who was assigned to these same autistic, non-verbal children, Stephanie Stehl, went "viral" on the internet. [5]

27.    The incident was reported to the Collinsville Police Department.

28.    Stephanie Stehl was initially placed on administrative leave in November 2024 and was permitted to resign the following month.

---

[4] This matter was removed to the Federal District Court for the Northern District of Oklahoma and is pending under case number 25-cv-00267-SH.

[5] Stephanie Stehl is a named Defendant in the above-referenced *Moroney* and *Hamilton* matters.

29.     Stehl's teaching credentials were suspended by the Oklahoma State Board of Education in January 2025; upon information and belief, Stehl's credentials have subsequently been revoked.

30.     Subsequent to the events described *supra*, Brock and Ashley became aware that Sara Brackett, a paraprofessional who had worked at the ECC during the 2023-24 school year, had reported abuse internally to administrative personnel at the ECC, which included Principal Ashley Boomer; Superintendent Jeremy Hogan; Julie Crutchfield, Executive Director of Human Resources and Finance; Jacqueline Johns, Director of Special Services; and Sarah Ellington, District MTSS Prevention Services Coordinator (all of whom are named Defendants in the aforementioned *Brackett v. CPS, et al.*, CJ-2025-02004 (Tulsa County)).

31.     Brock and Ashley subsequently learned that Rigdon had committed the following acts against N.S. during the 2023-24 school year, as observed by Sara Brackett:

a.     Rigdon pushed N.S. to the ground to make N.S. lay her head down at nap time; in the course of imposing her will on N.S., Rigdon snatched the pillow from under N.S.'s head, causing N.S. to strike her head on the floor.

b.     While N.S. was experiencing a seizure, Rigdon attempted to pull N.S. up by the arms; this action was stopped by Brackett, who called for assistance from Amy Duncan as Brackett directed Rigdon to get the school nurse. *See* Paragraph 20.c. *supra*.

c.     Rigdon yanked N.S. up by the ice vest worn by N.S., causing N.S. to fall and strike her head on the tile floor.

d.     On another occasion, Rigdon again seized N.S.'s ice vest to pull the child around the table and then to force N.S. to sit in a chair.

e.     On more than one occasion, Rigdon would lock N.S. in a dark bathroom.

f.     Rigdon would strike the back of N.S.'s head with an open hand (which is believed to be the impetus for N.S. taking up striking others, including Brock and Ashley).

32.     Brock and Ashley also discovered that there was far more abuse of ECC autistic students than they were led to believe, including against their child, N.S.

33.    During the 2023-24 school year, and particularly during the fall semester, Sara Brackett reported to ECC administrative personnel, and contemporaneously documented, a number of incidents in which Defendant Rigdon perpetrated physical abuse on several of the children under her supervision.

34.    Brackett regularly reported the abuse to the Principal of the ECC, Ashley Boomer, who in turn repeatedly deflected Brackett's reports and verbalized concerns.

35.    The abuse Brackett reported to Boomer was also made known to (School Superintendent) Jeremy Hogan, (Executive Director of Human Resources and Finances) Julie Crutchfield, (Director of Special Services) Jacqueline Johns, and (MTSS Prevention Services Coordinator) Sarah Ellington.

36.    On May 14, 2024, Lauren Avila confronted ECC personnel with the note referenced in Paragraph 22 above.

37.    On that same date, after Lauren had brought the note to the attention of ECC administrative personnel, Sara Brackett was called to the office – twice – in which she was harangued and accused of being the person responsible for the note, an accusation Brackett repeatedly denied to Jeremy Hogan.

38.    Six days later, on May 20, 2024, CPS, by and through Ashley Boomer, discharged Sara Brackett from her employment with CPS.

39.    Consequently, Sara Brackett was unlawfully discharged for reporting child abuse, while Defendant Rigdon was permitted to quietly leave and obtain another teaching position in another Tulsa County school district.

40.     None of the administrative personnel ever reported the abuse documented by Sara Brackett to law enforcement or the Oklahoma Department of Human Services ("OKDHS") as mandated by statute, *i.e.*, OKLA. STAT. TIT. 10A § 1-2-101(B)(1) and (2).

41.     Moreover, none ever reported the abuse of N.S. to Brock and Ashley; rather, they acted to conceal the abuse.

42.     Seeing that the abuse she reported to administrative personnel at the ECC would not be addressed, subsequent to her discharge, Brackett filed a formal report with OKDHS concerning the abuse.

43.     Minor Child N.S. was a victim of the abuse that occurred at the ECC and was concealed by agents of Defendant CPS.

44.     The facts alleged herein demonstrate a policy, pattern, practice, custom, or usage of Defendant CPS failing to address, by training, supervision, investigation, and discipline – and failing to appropriately report – abuse of vulnerable children that was occurring on the grounds of the ECC, including the abuse perpetrated against N.S.

45.     The facts alleged herein demonstrate that Defendants ECC and Rigdon were deliberately indifferent to the rights of N.S. (and those similarly situated to N.S.) on the basis of her disability, in that Defendants knew that N.S.'s disability would impose substantial obstacles to N.S. communicating to Brock and Ashley the abuse she was experiencing at the hands of Rigdon at the ECC.

46.     The conduct on the part of Defendants ECC and Ridgon, as well as other personnel employed by Defendant CPS at the ECC, as described herein, served to interfere with or deny Minor Child N.S. her clearly established right to a Free and Appropriate Public Education ("FAPE").

47. After learning the extent of the abuse perpetrated against Minor Child, N.S., Plaintiffs Brock Stockton and Ashley Stockton, by and through counsel, submitted an OGTCA Notice by certified mail to Defendant CPS; said Notice was received by CPS on September 13, 2025.

48. More than ninety (90) days have elapsed since the above-referenced OGTCA Notice was received by Defendant CPS.

49. As of the date of the filing of this action, Defendant CPS has neither accepted nor denied Plaintiffs' claim.

50. Consequently, Plaintiffs' claim is, by operation of law, deemed denied, as of December 12, 2025, which was ninety (90) days from the February 7, 2025 date of Notice. OKLA. STAT. TIT. 51 § 157(A).

51. This action is being filed within 180 days of December 12, 2025; consequently, this action is timely filed. OKLA. STAT. TIT. 51 § 157(B).

## CAUSE OF ACTION NO. 1:
## UNLAWFUL DISCRIMINATION /VIOLATION OF RIGHTS
## TITLE II, AMERICANS WITH DISABILITIES ACT
## 42 U.S.C. §§ 12131 – 12134
### As to Defendant CPS

52. Plaintiffs Brock and Ashley Stockton incorporate paragraphs 1 through 51 *supra* as though stated verbatim below.

53. Defendant CPS was and is a public entity that receives federal grant money.

54. Minor Child N.S. was entitled, as a matter of right, to be provided a Free and Appropriate Public Education by Defendant CPS.

55. Minor Child N.S. was a qualified individual with a disability, *i.e.*, autism, which affects a plethora of major life activities, including speaking, caring for herself, and thinking.

56.    Minor Child N.S. suffered physical and mental abuse at the hands of Defendant Jennifer Rigdon, who, as a teacher employed by Defendant CPS, was an agent of CPS and acted under color of law.

57.    The physical and mental abuse suffered by Minor Child N.S. at the ECC denied N.S. the benefits of the school's services, particularly N.S.'s entitlement to a Free and Appropriate Public Education.

58.    The acts of Defendant CPS, by and through its agent, Defendant Jennifer Rigdon, were committed with deliberate indifference to Minor Child N.S.'s clearly established rights.

59.    As a direct and proximate cause of Defendant CPS's actions, Minor Child N.S.'s rights under Title II of the ADA were violated, causing N.S. injury.

60.    Accordingly, Minor Child N.S. is entitled to damages and other relief as set forth herein.

**CAUSE OF ACTION NO. 2:**
**UNLAWFUL DISCRIMINATION /VIOLATION OF RIGHTS**
**SECTION 504, REHABILITATION ACT OF 1973**
**29 U.S.C. § 794**
**As to Defendant CPS**

61.    Plaintiffs Brock and Ashley Stockton incorporate paragraphs 1 through 51 *supra* as though stated verbatim below.

62.    Defendant CPS was and is a public entity that receives federal grant money.

63.    Minor Child N.S. was entitled, as a matter of right, to be provided a Free and Appropriate Public Education by Defendant CPS.

64.    Minor Child N.S. was a qualified individual with a disability, *i.e.*, autism, which affects a plethora of major life activities, including speaking, caring for herself, and thinking.

65. Minor Child N.S. suffered physical and mental abuse at the hands of Defendant Jennifer Rigdon, who, as a teacher employed by Defendant CPS, was an agent of CPS and acted under color of law.

66. The physical and mental abuse suffered by Minor Child N.S. at the ECC denied N.S. the benefits of the school's services, particularly N.S.'s entitlement to a Free and Appropriate Public Education.

67. The acts of Defendant CPS, by and through its agent, Defendant Jennifer Rigdon, were committed with deliberate indifference to Minor Child N.S.'s clearly established rights.

68. As a direct and proximate cause of Defendant CPS's actions, Minor Child N.S.'s rights under Section 504 of the Rehabilitation Act of 1973 were violated, causing N.S. injury.

69. Accordingly, Minor Child N.S. is entitled to damages and other relief as set forth herein.

**CAUSE OF ACTION NO. 3:**
**VIOLATION OF CIVIL RIGHTS**
**FAIL TO TRAIN /SUPERVISE**
**42 U.S.C. § 1983**
**As to Defendant CPS**

70. Plaintiffs Brock and Ashley Stockton incorporate paragraphs 1 through 51 *supra* as though stated verbatim below.

71. Minor Child N.S. had a clearly established right to a Free and Appropriate Public Education.

72. Minor Child N.S. had a clearly established right to be free from unwanted and unlawful physical contact and excessive force at the hands of an individual acting under color of law.

73.    Defendant Jennifer Rigdon, as an employee of Defendant CPS, a government entity, acted under color of law while Rigdon performed actions as a teacher at the ECC.

74.    Defendant Jennifer Rigdon, while acting as a teacher at ECC in the employ of Defendant CPS, unlawfully and with deliberate indifference to the clearly established rights of Minor Child N.S., interfered with or otherwise acted to deny N.S. access to a Free and Appropriate Public Education.

75.    Defendant Jennifer Rigdon, while acting as a teacher at ECC in the employ of Defendant CPS, unlawfully and with deliberate indifference to the clearly established rights of Minor Child N.S., subjected N.S. to instances of unlawful physical contact and excessive force.

76.    Defendant CPS was aware of instances of unlawful abuse being perpetrated against vulnerable developmentally disabled children by one or more teachers while said children were under CPS's care and custody as students.

77.    Defendant CPS failed to adequately train and supervise its employees at the ECC pertaining to the abuse of these disabled children.

78.    Defendant CPS failed to adequately train and supervise its employees at the ECC pertaining to the reporting of such abuse.

79.    In fact, Defendant CPS acted to conceal instances of abuse that had been reported to CPS by a Paraprofessional.

80.    The failure to train and supervise its employees on the part of Defendant CPS was the moving force behind the violations of Minor Child N.S.'s clearly established rights, as set forth herein.

81.    The actions on the part of Defendant CPS, as described herein, were undertaken with deliberate indifference to the clearly established rights of Minor Child N.S.

82. As a direct and proximate cause of Defendant CPS's actions, Minor Child N.S.'s rights were violated, causing N.S. injury.

83. Accordingly, Minor Child N.S. is entitled to damages and other relief as set forth herein.

**CAUSE OF ACTION NO. 4:**
**VIOLATION OF CIVIL RIGHTS**
**EQUAL PROTECTION OF THE LAWS**
**42 U.S.C. § 1983**
**As to Defendants CPS and Jennifer Rigdon**

84. Plaintiffs Brock and Ashley Stockton incorporate paragraphs 1 through 51 *supra* as though stated verbatim below.

85. As set forth herein, Minor Child N.S. is an individual with a disability, *i.e.*, autism.

86. Minor Child N.S. was a student at the ECC, which is operated by Defendant CPS.

87. Minor Child N.S. was assigned to a class at the ECC of other similarly disabled children that was overseen and taught by Defendant Jennifer Rigdon, an employee and agent of Defendant CPS.

88. Minor Child N.S. was subjected to unwanted mental and physical abuse by Defendant Jennifer Rigdon while Rigdon was acting under color of law in her role as a teacher employed by Defendant CPS.

89. Accordingly, Minor Child N.S.'s clearly established rights to be free from excessive force and to obtain a Free and Appropriate Public Education were violated by Defendants CPS and Jennifer Rigdon.

90. The actions described herein, as perpetrated by Defendants CPS and Jennifer Rigdon, were undertaken on the basis of, *i.e.*, "because of" Minor Child N.S.'s disability.

91.     Minor Child N.S. was treated dissimilarly to and less favorably than similarly situated students enrolled with Defendant CPS that were outside of N.S.'s protected class.

92.     The actions described herein, as perpetrated by Defendants CPS and Jennifer Rigdon, were undertaken with deliberate indifference to the clearly established rights of Minor Child N.S.

93.     As a direct and proximate cause of Defendants CPS's and Rigdon's actions, Minor Child N.S.'s rights were violated, causing N.S. injury.

94.     Accordingly, Minor Child N.S. is entitled to damages and other relief as set forth herein.

**CAUSE OF ACTION NO. 5:**
**VIOLATION OF CIVIL RIGHTS**
**EXCESSIVE FORCE**
**42 U.S.C. § 1983**
**As to Defendant Jennifer Rigdon**

95.     Plaintiffs Brock and Ashley Stockton incorporate paragraphs 1 through 51 *supra* as though stated verbatim below.

96.     As set forth herein, Minor Child N.S. is an individual with a disability, *i.e.*, autism.

97.     Minor Child N.S. was a student at the ECC, which is operated by Defendant CPS.

98.     Minor Child N.S. was assigned to a class at the ECC of other similarly disabled children that was overseen and taught by Defendant Jennifer Rigdon, an employee and agent of Defendant CPS.

99.     Minor Child N.S. was subjected to unwanted and unlawful physical contact by Defendant Rigdon while Rigdon was acting under color of law in her role as a teacher employed by Defendant CPS.

100.    The physical contact Defendant Jennifer Rigdon directed at Minor Child N.S. was objectively unreasonable in light of the facts and circumstances Rigdon faced in her classroom consisting of very young, very disabled autistic children.

101.    In fact, the physical contact Defendant Jennifer Rigdon directed at Minor Child N.S. was imposed merely to inflict pain, injury, and fear upon N.S.

102.    Minor Child N.S. had a clearly established right to be free from unwanted and unlawful physical contact and excessive force at the hands of an individual acting under color of law.

103.    The actions on the part of Defendant Jennifer Rigdon, as described herein, were undertaken with deliberate indifference to the clearly established rights of Minor Child N.S.

104.    As a direct and proximate cause of Defendant Jennifer Rigdon's actions, Minor Child N.S.'s rights were violated, causing N.S. injury.

105.    Accordingly, Minor Child N.S. is entitled to damages and other relief as set forth herein.

**CAUSE OF ACTION NO. 6:**
**NEGLIGENCE PER SE**
**As to Defendant CPS**

106.    Plaintiffs Brock and Ashley Stockton incorporate paragraphs 1 through 51 *supra* as though stated verbatim below.

107.    Defendant CPS had a statutorily imposed duty, under OKLA. STAT. TIT. 10A § 1-2-101(B)(1) and (2), to immediately report suspected child abuse by a teacher.

108.    As set forth *supra*, during the 2023-24 school year, administrative personnel employed by Defendant CPS and assigned to the ECC – Jeremy Hogan, Ashley Boomer, Julie Crutchfield, Jacqueline Johns, and Sarah Ellington – came into possession of knowledge that the

physical abuse of one or more autistic children under the care and supervision of Defendant CPS was being perpetrated by a teacher employed by Defendant CPS at the ECC.

109.    Hogan, Boomer, Crutchfield, Johns, and Ellington failed or refused to report such abuse as mandated by Oklahoma law.

110.    The harm suffered by Minor Child N.S. was the direct and proximate result of Defendant CPS, by and through its administrative agents /employees, failing to comply with the statute.

111.    As a direct and proximate cause of Defendant CPS's actions, Minor Child N.S.'s rights were violated, causing N.S. injury.

112.    Accordingly, Minor Child N.S. is entitled to damages and other relief as set forth herein.

## CAUSE OF ACTION NO. 7:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### As to Defendants CPS and Jennifer Rigdon

113.    Plaintiffs Brock and Ashley Stockton incorporate paragraphs 1 through 51 *supra* as though stated verbatim below.

114.    As set forth herein, Minor Child N.S. is an individual with a disability, *i.e.*, autism.

115.    Minor Child N.S. was a student at the ECC, which is operated by Defendant CPS.

116.    Minor Child N.S. was assigned to a class at the ECC of other similarly disabled children that was overseen and taught by Defendant Jennifer Rigdon, an employee and agent of Defendant CPS.

117.    Minor Child N.S. was subjected to unwanted mental and physical abuse by Defendant Jennifer Rigdon while Rigdon was acting under color of law in her role as a teacher employed by Defendant CPS.

118.    Accordingly, Defendant Jennifer Rigdon was acting within the scope of her employment when Rigdon imposed excessive, unreasonable, and injurious force upon Minor Child N.S.

119.    The imposition of abuse upon a vulnerable, disabled, minimally verbal child by a teacher to whom the child's care and custody was entrusted during the school day is so extreme and outrageous as to go beyond all possible bounds of decency and would be considered utterly intolerable in a civilized society.

120.    Defendant Jennifer Rigdon, as well as her employer, Defendant CPS, intentionally or recklessly caused severe emotional distress to Minor Child N.S. beyond that which a reasonable person should be expected to endure.

121.    As a direct and proximate cause of Defendants CPS's and Ridgon's actions, Minor Child N.S.'s rights were violated, causing N.S. injury.

122.    Accordingly, Minor Child N.S. is entitled to damages and other relief as set forth herein.

## PUNITIVE AND EXEMPLARY DAMAGES

123.    Plaintiffs Brock and Ashley Stockton incorporate paragraphs 1 through 122 *supra* as though stated verbatim below.

124.    The acts and omissions by Defendants, as set forth in the preceding paragraphs, demonstrate that Defendants were engaged in conduct evincing malice or reckless indifference to Minor Child N.S.'s rights.

125.    As a direct result of Defendants' malice and /or reckless disregard for Plaintiff's rights, Minor Child NS. is entitled to exemplary and punitive damages, ***as permitted by law***, in an

amount to be determined by a jury commensurate with the financial resources available to Defendants and sufficient to deter others similarly situated from like behavior.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs Brock and Ashley Stockton pray this Court will grant them the following relief:

A.    Monetary damages in excess of Ten Thousand Dollars ($10,000.00);

B.    Punitive damages to the extent permitted by law;

C.    Attorney's fees under 42 U.S.C.A. § 1988(b) and any other applicable provision of law;

D.    Award any and all further relief this Court deems just and equitable.

Respectfully submitted,

**SOLOMON | ARIEH**

David R. Keesling, OBA No. 17881
Timothy S. Kittle, OBA No. 21979
401 South Boston Avenue, Suite 2300
Tulsa, Oklahoma 74103
(918) 631-7770 – Telephone
dkeesling@solomon-arieh.com
tkittle@solomon-arieh.com
*Attorneys for Plaintiffs:*
*Brock and Ashley Stockton*
*Parents and Next Friends of N.S., a Minor Child*